```
                    United States District Court
                      District of Massachusetts
 _____
                             )
RALPH SULLIVAN,              )
                             )
        Petitioner,          )
                             )
        v.                   )   Civil Action No.
                             )   03-11500-NMG
EDWARD FICCO and             )
THOMAS F. REILLY,            )
                             )
        Respondents.         )
 _____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This case involves a habeas corpus petition filed under 28 U.S.C. § 2254 that has been pending before this Court for over a decade while petitioner has attempted to exhaust all remedies available to him in state court.

Now that respondent has answered the petition, which has been amended with leave of court, and the issues have been extensively briefed, petitioner's counsel seeks 1) to withdraw his appearance, 2) to have the Court appoint replacement counsel and 3) to extend the time for filing a reply memorandum. For the reasons that follow, the motion will be allowed only to the extent that an extension of time will be afforded to petitioner's existing counsel to file a reply brief.  The motion

-1-

will, however, be denied with respect to petitioner's request to appoint replacement counsel.

## I. Background

On January 25, 1997 petitioner Ralph Sullivan ("Sullivan" or "petitioner") was convicted in Middlesex Superior Court of one count of murder in the first degree, one count of unlawful possession of a firearm, three counts of armed robbery and one count of breaking and entering in the nighttime. He was sentenced to life in prison without parole, to be followed by 35-40 years, aggregated. On August 12, 2003, Sullivan filed a petition for a writ of habeas corpus in this Court, alleging as grounds for relief improper evidentiary rulings, ineffective assistance of counsel and improper closing argument by the prosecution. The petition was stayed by this Court from June 21, 2004 through May 20, 2014 in order to permit petitioner time to exhaust his available remedies in state court.

Counsel from the Massachusetts Committee for Public Counsel Services ("CPCS"), the state public defender service, was appointed to represent petitioner in connection with his state proceedings. In addition to representing Sullivan in the direct appeal of his conviction in state court and in his state habeas petition, Sullivan's original appointed counsel, Wendy Sibbison, filed this federal habeas petition. One year after the petition was filed, Sullivan's current counsel, Michael Cutler, replaced

Sibbison as CPCS-appointed counsel in the state habeas proceedings. When those proceedings were terminated, Cutler began representing Sullivan in this case.

## II. Motion for an Extension of Time and to Appoint New Counsel

### A. Legal Standard

The United States Supreme Court has held that the Sixth Amendment right to counsel does not extend to habeas petitions in either capital or non-capital cases. Pennsylvania v. Finley, 481 U.S. 551 (1987); Murray v. Giarrantano, 492 U.S. 1 (1989). Petitioners in capital habeas cases possess a statutory right to counsel through the provisions of 18 U.S.C. § 3599. This right does not, however, extend to habeas petitions filed by inmates who were charged with capital offenses but were sentenced to a non-capital punishment. See 18 U.S.C. § 3599(a)(1).

### B. Application

Because petitioner was sentenced to a non-capital punishment, he has neither a constitutional nor a statutory right to counsel to represent him in his federal habeas petition. Petitioner has been fortunate to receive appointed counsel, supported by state funds, up to this point in the proceedings. As counsel notes, however, due to the complexity of this case, newly appointed counsel would be required to expend an inordinate amount of time and effort to prepare for

further proceedings.  This Court will not impose upon the federal government that additional and largely superfluous expense.  Accordingly, the Court will not appoint new habeas counsel nor will it allow present counsel to withdraw.

Counsel may, on petitioner's behalf, file a reply memorandum not to exceed 20 pages on or before April 29, 2016.  This case will then be decided on the papers.  If present counsel determines that he is conflicted to the point where he is unable to represent petitioner further, petitioner himself may submit a reply memorandum, pro se, with the same page and time limits applicable.

### ORDER

For the foregoing reasons, petitioner's motion for an extension of time and to appoint new counsel (Docket No. 77) is **ALLOWED, in part, and DENIED, in part**.  New counsel will not be appointed.  Petitioner's present counsel, or petitioner himself acting pro se, may submit a reply memorandum, not to exceed 20 pages, on or before April 29, 2016.

**So ordered.**

/s/ Nathaniel M. Gorton  
Nathaniel M. Gorton  
United States District Judge

Dated March 1, 2016