```
                    United States District Court
                      District of Massachusetts
 _____
                               )
Ralph J. Sullivan,             )
                               )
        Plaintiff,             )
                               )
        v.                     )    Civil Action No.
                               )    03-11500-NMG
Edward Ficco and Thomas F.     )
Reilly,                        )
                               )
        Defendants.            )
 _____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

In January, 1997, after a 16-day trial, a Middlesex County jury convicted Ralph J. Sullivan ("Sullivan" or "petitioner") of first-degree murder, armed robbery, unlawful possession of a firearm, breaking and entering, larceny and possession of burglarious tools. Sullivan pursued all available avenues of relief in state court, none of which was successful, and then filed a petition in this Court to vacate his sentence pursuant to 28 U.S.C. §§ 2241 and 2254.

In October, 2019, the Court accepted and adopted the Report and Recommendation of Magistrate Judge Jennifer C. Boal ("the R&R") to dismiss Sullivan's petition.

Pending before the Court is the motion of petitioner's counsel to withdraw on the ground that his appointment by the Massachusetts Committee for Public Counsel Services expired upon this Court's dismissal of Sullivan's petition. Counsel further requests that the Court appoint substitute counsel and allow an extension of the deadline to file a motion for a certificate of appealability ("COA").

The order of the Court dated October 23, 2019, accepting and adopting the R&R, disposed of Sullivan's habeas petition. Accordingly, the motion of counsel to withdraw will be denied as moot because there is no pending case from which he can withdraw.

Counsel's ancillary requests, that the Court appoint substitute counsel and extend the deadline for filing a motion for a COA, are also denied because, for the reasons provided below, the Court will exercise its discretion sua sponte to deny Sullivan a COA. See, e.g., Teti v. Bender, 507 F.3d 50, 56 (1st Cir. 2007) (affirming district court's sua sponte grant of a COA); see also United States v. Puello, No. 07-10134, 2010 WL 5376735, *1 (D. Mass. Dec. 21, 2010) (denying, in part, and allowing, in part, a COA sua sponte). In doing so, the Court will refer to Sullivan's memorandum in support of his petition and to his objections to the R&R.

## I. Certificate of Appealability

### A. Legal Standard

Section 2253(c) of Title 28 of the United States Code provides that a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make a "substantial showing", a petitioner seeking a COA must demonstrate that

> reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.

Slack v. McDaniel, 529 U.S. 473, 484 (2000). To meet the debatable-among-jurists-of-reason standard the petitioner must prove "something more than the absence of frivolity or the existence of mere good faith." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003).

### B. Application

Sullivan proffered eight grounds in support of his petition for habeas relief. Five were presented in his initial petition filed in August, 2003, ("the Original Petition") and three in his amended petition filed in March, 2014, ("the Amended Petition"). Using petitioner's sequence, those grounds are summarized as follows:

- **Ground One**: his conviction was procured after the exclusion of "other culprit" evidence;

- **Ground Two(a)**: his conviction was procured after introduction of his co-defendant's "uncrossexamined" confession;

- **Ground Two(b)**: counsel was ineffective in failing to move to strike co-defendant's confession;

- **Ground Two(c)**: Petitioner was entitled to an evidentiary hearing;

- **Ground Three**: prosecutorial misconduct during closing argument;

- **Ground Four**: counsel was ineffective in failing to investigate inculpatory and exculpatory evidence or to invoke a speedy-trial defense;

- **Ground Five**: prosecutorial misconduct; and

- **Ground Six**: violation of his due process and fair trial rights for failing to hold an evidentiary hearing.

In his supporting memoranda, Sullivan raises an additional ground for habeas relief: prejudicial joinder. That ground is not, however, asserted in the Original or Amended Petitions and, therefore, reasonable jurists would not debate that it was

waived. See, e.g., Logan v. Gelb, 790 F.3d 65, 70 (1st Cir. 2015) (per curiam).

    1.    **Grounds One, Two(c), Three and Six**

Reasonable jurists would not debate that Grounds One, Two(c), Three and Six were waived by abandonment at the merits briefing stage. As explained in the R&R,

> [i]t is well established that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation are deemed waived.

(internal citations and quotation marks omitted).

In his merits and reply briefs, Sullivan makes only passing references to and fails to develop any argument in support of Grounds One, Two(c), Three and Six. Accordingly, Sullivan fails to make the required "substantial showing" justifying a certificate of appealability with respect to those claims.

    2.    **Grounds Four and Five**

Grounds Four and Five were asserted in the Amended Petition which was filed more than 11 years after the Original Petition. Reasonable jurists would not debate that, except for a portion of Ground Four, those claims are time barred. Ground Four is excepted insofar as it "relates back" to the Original Petition by asserting that counsel was ineffective for failing to move to strike testimony regarding the confession of Sullivan's codefendant.

A person in state custody seeking habeas relief must file his petition in federal court no later than one year from "the date on which the judgment became final by the conclusion of direct review . . . ." 28 U.S.C. § 2244(d)(1)(A). The one-year limitation period may be tolled, however, during the pendency of a "properly filed application for State post-conviction or other collateral review." § 2244(d)(2). Such a tolling period does not "reset the clock on the limitations period . . . but merely stops it temporarily." Trapp v. Spencer, 479 F.3d 53, 58-59 (1st Cir. 2007) abrogated on other grounds by Holmes v. Spencer, 822 F.3d 609 (1st Cir. 2016).

Judgment became final in this case on October 22, 2002, the last day of the 90-day period for Sullivan to seek certiorari for the denial of his motion for reconsideration. Sullivan filed his Original Petition on August 12, 2003, approximately two months before the expiration of the limitations period. On October 10, 2003, with 13 days remaining in the limitations period, Sullivan filed a motion for a new trial in state court. According to Sullivan, that was done "to toll the one-year limitations period". That motion was denied and the Massachusetts Supreme Judicial Court denied leave to appeal on October 16, 2013. That order restarted the one-year limitation clock with 13 days remaining. As a result, the statute of limitations period expired on October 28, 2013.

Sullivan filed his Amended Petition on March 20, 2014, and asserted three additional grounds in support of habeas relief. He attributed the untimeliness of his filing to his counsel's negligence for missing the deadline. For that reason, Sullivan requests that the Court apply principles of equitable tolling to reach the merits of his claims.

Equitable tolling is to be invoked "sparingly" and in only "extraordinary circumstances". Neverson v. Farquharson, 366 F.3d 32, 42 (1st Cir. 2004). Indeed, a mere "mistake by counsel in . . . computing a time limit is, at most, a routine error" that does not warrant equitable tolling. Trapp, 479 F.3d at 60. Accordingly, reasonable jurists would not debate that counsel's miscalculation of the statute of limitations period for Sullivan's habeas petition was a routine error that does not justify equitable tolling.

In a final attempt to excuse the tardiness of his Amended Petition, Sullivan urges the Court to reach the merits on grounds of actual innocence. As explained in detail in the R&R, however, Sullivan failed to proffer evidence "so strong" that it can be said that the Court "cannot have confidence in the outcome of the trial." McQuiggin v. Perkins, 569 U.S. 383, 401 (2013). Reasonable jurists would not debate that conclusion.

### 3. Grounds Two(a), Two(b), and Four

Considerations of "comity and federalism" bar the review of Grounds Two(a), Two(b) and the remaining portion of Ground Four. As explained in the R&R, each of these claims was reviewed in painstaking detail by numerous state courts. To be eligible for federal habeas relief, then, Sullivan must demonstrate that those previous applications of state law were unreasonable. See Simpson v. Matesanz, 175 F.3d 200, 205-05 (1st Cir. 1999). Otherwise, claims disposed of by state courts are procedurally defaulted. See id. (explaining that federal courts do not review state court decisions which "rest on independent and adequate state grounds" (internal citations omitted)). Sullivan fails to demonstrate any unreasonable application of state law. Nor does he proffer any reason why the Court should excuse his procedural default, such as for actual innocence or cause and prejudice. See Lee v. Corsini, 777 F.3d 46, 55 (1st Cir. 2015).

Accordingly, Sullivan fails to make a substantial showing of entitlement to habeas relief.

**ORDER**

For the foregoing reasons, the Court sua sponte declines to enter a certificate of appealability with respect to the denial of Ralph J. Sullivan's habeas petition.

Furthermore, the motion of Sullivan's counsel to withdraw and for other relief, including for the appointment of new counsel and the extension of the deadline for filing a certificate of appealability, (Docket No. 92) is **DENIED as moot**. **So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated March 2, 2020